MOY MEE SOO, Respondent, *v.* LEONG YOOK YICK, Appellant.

First Department, April 2, 1964.

*Leon B. Savetsky* of counsel (*Spar, Schlem & Burroughs,* attorneys), for appellant.

*Stanley Chin* of counsel (*Chin & Felton,* attorneys), for respondent.

STEUER, J. In this filiation proceeding the issue presented was whether the respondent was the father of the child. It appears that the petitioner was a married woman living with her husband at the time of conception and for several months thereafter. Their residence was the back room of a laundry on East 18th Street, Manhattan. About a year and a half after birth of the child petitioner divorced her husband in Nevada. There was conflicting testimony as to respondent's relations with petitioner, and blood groupings were inconclusive. The question is whether the evidence produced was sufficient to rebut the presumption of legitimacy.

Specifically, the presumption of legitimacy arises from proof of access. At one time access was established conclusively by proof of the barest possibility of its existence (*Van Aernam* v. *Van Aernam,* 1 Barb. Ch. 375; 9 Wigmore, Evidence, § 2527). We have abandoned that much of the basis of the presumption (*Matter of Findlay,* 253 N. Y. 1). But we have not lessened the presumption arising where access is clearly established (see *Commissioner of Public Welfare* v. *Koehler,* 284 N. Y. 260, 263).

Although the presumption attains its greatest strength and is given the most rigorous application where the legitimacy of a child is directly in issue (*Goodright* v. *Moss,* 2 Cowp. 594, quoted in *Commissioner of Public Welfare* v. *Koehler, supra,* p. 267), it nevertheless has general application (*Matter of Matthews,* 153 N. Y. 443, 447). But it is also true that contrary to the usual public policy of the State (see collation of authorities *A. C.* v. *B. C.,* 12 Misc 2d 1, 3) enforced in all other proceedings, in a filiation proceeding both the mother and her husband may testify as to nonaccess (Family Ct. Act, § 531).

The net result is that while we do not retain the presumption of access arising from its possibility, we do retain the presumption that a child born of a married woman is the child of her husband where the latter is potent and access is established. In filiation proceedings alone, the spouses may rebut that presumption by testifying to the absence of connection. In the case under review, only the wife so testified. In view of the uncontradicted fact of her continued residence for a long period in the same limited quarters with her husband, the fact that she testified in her divorce proceedings that the child was her husband's, and the fact that she named her husband as the father to the authorities when the child was born, it is concluded that the presumption was not rebutted.

The judgment and order of filiation should be reversed on the law and the facts and the proceeding dismissed, without costs.

McNALLY, J. (dissenting). I dissent and vote to affirm. The presumption of legitimacy was rebutted.

The child was born March 12, 1959. Petitioner met the respondent in 1956. At the time and until September, 1958 petitioner and her husband lived in the same apartment. On and after December 20, 1956 petitioner had sexual relations with respondent. During the period of gestation petitioner did not have sexual relations with any other male, including her husband. Petitioner informed respondent of her pregnancy, he approved and acknowledged the child to be his. The child was born at the Poughkeepsie General Hospital. Respondent paid the expense. Petitioner and the child thereafter lived in Fishkill, N. Y., about five weeks, during which period respondent visited with them weekly on his day off and contributed to their support. Petitioner and the child then moved to Brooklyn, N. Y., where they remained at one address about five weeks and at another address for about five months. At the first Brooklyn address respondent visited daily; at the second address he slept over about three times a week. Thereafter petitioner and the child moved into respondent's quarters in Manhattan where they remained until February, 1962, when he departed for Hong Kong. During the periods aforesaid respondent supported petitioner and the child and held the child out as his. At the instance of the respondent, and at his expense, petitioner in October, 1960 obtained a divorce from her husband.

The child's birth certificate states his father is petitioner's husband. Petitioner explained she supplied his name as her husband and not as the father of the child. Petitioner acknowledges she falsely named the child in the divorce proceeding as one of the several children of the marriage. Petitioner's testi-

mony was corroborated in its essentials by the testimony of witnesses and photographs. Respondent denied sexual relations with or supporting the petitioner or the child, and denied he ever lived with her; he explained the photographs of himself holding the child on the basis of his fondness for children.

The record in my opinion overcame the presumption of legitimacy and established respondent's paternal liability. (*Commissioner of Public Welfare* v. *Koehler,* 284 N. Y. 260; *Anonymous* v. *Anonymous,* 1 A D 2d 312.) The judgment and order should be affirmed.

BREITEL, J. P., STEVENS and EAGER, JJ., concur with STEUER, J.; McNALLY, J., dissents and votes to affirm, in opinion.

Order, entered on November 1, 1962, reversed, on the law and on the facts, and the proceeding dismissed, without costs.